IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| GUILLERMO WIDON GOMEZ, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 7:15-CV-72 (WLS) |
| | : | |
| DANIEL RAY, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

**<u>ORDER</u>**

      Before the Court is a January 11, 2016 Recommendation from United States Magistrate Judge Thomas Q. Langstaff as to Defendant Daniel Ray's Motion to Dismiss. (Docs. 36, 56.) Also pending are Plaintiff Guillermo Widon Gomez's Request for an Evidentiary Hearing (Doc. 60), amended complaint (Doc. 61), which the Court construes as a motion for leave to amend since it was filed after the twenty-one days Federal Rule of Civil Procedure 15(a) allows for an amendment as a matter of course, and Motion to Instruct the U.S. Marshals Service to Serve Process on Anthony Tyrone James, Jr., a defendant Gomez attempts to add in his amended complaint (Doc. 64).

      After receiving an extension of time in which to do so, Gomez filed timely objections to Judge Langstaff's January 11, 2016 Recommendation. (Doc. 59.) In his objections, Gomez incorporates the allegations in his amended complaint (Doc. 61). (Doc. 59 at 1.) The objections and amended complaint both raise new allegations that Gomez requested an appeal form from Counselor Steele on two occasions and was told that his grievance was still pending and was being sent to internal investigations. (Docs. 59 at 2; 61 at 5-6.) The amended complaint also names Anthony T. James, Jr. as a defendant and includes him in the allegations regarding Defendant Ray's conduct. (*See generally* Doc. 61.) Although there is no Local Rule or statute explicitly allowing for such, Defendant Ray filed a response to Gomez's objections. (Doc. 62.) Ray also filed a response in opposition to Gomez's amended complaint. (Doc. 63.)

I. **Gomez's Amended Complaint (Doc. 61) and New Arguments Raised in His Objections (Doc. 59)**

The Court first addresses whether Gomez should be granted leave to amend and whether it will consider the new arguments Gomez raises in his objections. Federal Rule of Civil Procedure 15(a)(2) requires a party to seek the Court's permission to amend its pleadings where more than twenty-one days have elapsed since service of the initial pleading and where the opposing party has not provided written consent to the amendment. Rule 15(a)(2) provides that courts should freely grant leave to amend "when justice so requires." Fed. R. Civ. P. 15. "[U]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999) (quoting *Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)). In other words, where a party seeks leave to amend before the deadline to amend has elapsed, the Court must identify a substantial reason to justify denying the motion. *Moore v. Baker*, 989 F.2d 1129, 1131 (11th Cir. 1993). Substantial reasons include undue delay, bad faith, dilatory motive, and futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, no deadline to amend has been set because no scheduling and discovery order has been entered yet. However, the Court has previously ordered Gomez to file an amended complaint because the Court found that Gomez's objections to a previous Recommendation from Judge Langstaff made new allegations about Defendant Allen. (Doc. 35.) Because Gomez's objections made new allegations, the Court ordered Gomez to file an amended complaint stating his claims against Defendant Allen no later than Friday, August 28, 2015. Even though he requested and was given an extension of time to do so, Gomez never filed an amended complaint stating his claims against Allen, and his claims against Defendant Allen were dismissed. (*See* Docket; Doc. 47.) The Court notes that Gomez's previous leave to amend extended into a time well *after* Defendant Ray filed his Motion to Dismiss, which put Gomez on notice that Ray was asserting an exhaustion argument. (Docs. 35, 36, 41.)

Further, Gomez filed a response and sur-reply to Ray's Motion to Dismiss, which was based solely on Ray's affirmative defense that Gomez failed to exhaust his administrative remedies; neither brief included Gomez's new allegations that Counselor Steele essentially prevented him from filing an appeal, though Gomez was, by that point, on notice that

2

such allegations would be relevant to Ray's exhaustion defense. (*See* Docs. 42, 46.) Nevertheless, Gomez did not make his new allegations or attempt to add James as a defendant until after Judge Langstaff issued his Recommendation.

The Court recognizes its obligation to grant leave to amend freely. However, the Court cannot allow a litigant –even a *pro se* prisoner –"to set [his] case in motion before the magistrate, wait to see which way the wind was blowing, and—having received an unfavorable recommendation—shift gears before the district judge." *Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009) (quoting *Paterson–Leitch Co. v. Mass. Muni. Wholesale Elec. Co.*, 840 F.2d 985, 991 (1st Cir.1988)). "[A] district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge." *Id.* at 1292 (considering a case involving a *pro se* prisoner's habeas corpus petition). The Court finds that Gomez's attempt to amend his complaint after Judge Langstaff issued his Recommendation is dilatory because of the amount of time Gomez has been on notice of Ray's exhaustion defense and the fact that Gomez was previously given leave to amend his complaint that he did not take advantage of.

The Court further finds that Gomez's amendment would be futile. Defendant Ray's argument that an amendment would be futile is based on a sworn affidavit from Counselor Steele, submitted as an attachment to Ray's response in opposition to Gomez's objections to the Recommendation, in which Steele states that there is no record of Gomez's requesting an appeal form from him in April 2015 and that if Gomez had requested an appeal form, he would have given him one. (Doc. 62-1 at 4.) Ray contends that this affidavit would be sufficient to rebut the new allegations and further establish Ray's affirmative defense of failure to exhaust. (Doc. 63 at 4.)

Since exhaustion of administrative remedies is an affirmative defense, plaintiffs are not required to plead exhaustion in their complaints. *Jones v. Bock*, 549 U.S. 199, 216-17 (2007). Rather, plaintiffs must rebut an exhaustion defense once it is raised. Gomez did not do that here and cannot attempt to do so now that Judge Langstaff has made his Recommendation on the issue. (*See* Docs. 42, 46.) The Court also notes that Ray has submitted a sworn affidavit from Counselor Steele stating that there is no record of Gomez's requesting an appeal form from him in April 2015 and that if Gomez had requested an appeal form, he would have given him one. (Doc. 62-1 at 4.) Such evidence would rebut Gomez's allegation

3

that he requested an appeal form from Steele and was not given one since Gomez has not submitted a sworn complaint, affidavit, or other evidence that he in fact requested an appeal form from Steele. The Court finds that this further supports its finding that Gomez's amendment would be futile.

Finally, the Court notes that Gomez's amended complaint seeks to add as a defendant Anthony Tyrone James, Jr. (Doc. 61.) Gomez includes James, who he alleges is a correctional officer at the prison, in his allegations against Defendant Ray. (*Id.* at 4.) For all of the reasons previously stated, the Court finds that Gomez's amendment adding a new defendant at this stage in the litigation is dilatory. The Court also finds that such an amendment would be futile because Defendant Ray has submitted Gomez's full grievance history, and there is no indication that Gomez has exhausted a grievance related to Anthony Tyrone James, Jr. (Docs. 36-3; 36-6.)

For those reasons, the Court declines to consider Gomez's new allegations and arguments raised in his objection that were not previously raised in the briefs he filed regarding Ray's Motion to Dismiss, and also declines to grant Gomez leave to amend his complaint because Gomez has had ample opportunity to do so. The Court therefore **STRIKES** Gomez's amended complaint. (Doc. 61.) For that reason, the Court **DENIES AS MOOT** Gomez's Motion to Instruct the U.S. Marshals Service to Serve Process on Anthony Tyrone James, Jr. (Doc. 64) because Anthony Tyrone James, Jr. is not a defendant in this case.

## II.     Judge Langstaff's Recommendation (Doc. 56)

Gomez's objections focus primarily on the new allegations and arguments that the Court has already declined to consider. (*See* Doc. 59.) The Court agrees with Judge Langstaff's findings that Gomez did not appeal his grievance as allowed for by the prison's grievance policy either after the timeline for the warden's response expired or after he received a response on May 21, 2015 and therefore did not exhaust the administrative remedies available to him. (Doc. 56 at 5-6.) The Court further finds that Gomez's objections, other than the new arguments the Court herein declines to consider, do not raise any arguments or point to any facts establishing that he did, in fact, exhaust his administrative remedies or that his claims against Defendant Ray should not be dismissed on that basis. (*See generally* Doc. 59.)

The Court notes that, in his objections, Gomez cites cases holding that "the failure of prison officials to act on a grievance in accordance with the guidelines announced in their

4

own operating procedures sustains a finding of exhaustion under the PLRA." (Doc. 59 (citing, e.g., *Daker v. Ferrero*, 2004 WL 5459957 at *2 (N.D. Ga. Nov. 24, 2004)). However, in these cases, no other administrative procedures were available —either procedurally or practically due to prison officials' obstruction of the grievance process —once the prison officials' response deadline had elapsed. *E.g.*, *Daker*, 2004 WL 5459957 at *3; *Hambrick v. Morton*, 2009 WL 175964 at *2-3 (S.D. Ga. June 19, 2009). The Supreme Court has held, "[A]n institution's requirements define what is considered exhaustion." *Jones*, 549 U.S. at 218. Here, Valdosta State Prison's grievance allowed Gomez to file an appeal as soon as the warden's response deadline elapsed or after he received an untimely response from the warden. (Doc. 36-4 at 11-12.) Therefore, as soon as the warden's response deadline elapsed on April 11, 2015, Gomez had another administrative procedure available to him —the ability to file an appeal. Gomez did not exhaust this procedure, and the Court has already declined to consider his new allegations that he was prevented from filing an appeal.

Therefore, upon full review and consideration of the record, the Court finds that Judge Langstaff's January 11, 2016 Recommendation (Doc. 56) should be, and hereby is, **ACCEPTED**, **ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein and for reason of the findings made and reasons stated herein. Gomez's objections to the Recommendation (Doc. 59) are **OVERRULED**. Defendant Ray's Motion to Dismiss (Doc. 36) is **GRANTED** and all claims against Defendant Ray are **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1997e and § 1915A(b)(1). The Court also **STRIKES** Gomez's amended complaint (Doc. 61) and **DENIES AS MOOT** Gomez's Motion to Instruct the U.S. Marshals Service to Serve Process on Anthony Tyrone James, Jr. (Doc. 64). Finally, Gomez's Motion for an Evidentiary Hearing (Doc. 60) is **DENIED AS MOOT**.

**SO ORDERED**, this 19th day of February, 2016.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**